(August 13, 2013)

■ In the Matter of BEN FRIEDMAN, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. [970 NYS2d 521]—

Order and judgment (one paper), Supreme Court, New York County (Michael D. Stallman, J.), entered April 6, 2012, which denied the petition to annul petitioner teacher's unsatisfactory rating for the 2007-2008 school year, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously reversed, on the law, without costs, the petition granted, and the unsatisfactory rating annulled.

Respondents' determination to sustain the unsatisfactory performance evaluation was not rationally based on administrative findings that petitioner engaged in corporal punishment of students during the 2007-2008 school year (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). There was no longer any documentation substantiating an instance of corporal punishment in petitioner's personnel file after the parties stipulated to the removal of two disciplinary letters from the file.

It is undisputed that part 2 (I) of DOE's Human Resources Handbook "Rating Pedagogical Staff Members" provides (1) that a teacher's evaluation must be supported by documentation in his/her personnel file; (2) that documentation removed from a file through grievance procedures is inadmissible in performance reviews; and (3) that documentation not addressed directly to a teacher is inadmissible in performance reviews, unless it is attached to and part of another document appropriately placed in the teacher's file. Moreover, materials placed in a teacher's personnel file must include a signature and date line for the teacher, evidencing that she has read the material and understands that it will be placed in the file, as well as a signature and date line for a witness; unsigned documents are inadmissible in evaluation reviews.

Here, there were two disciplinary letters addressing separate instances of corporal punishment. One of the requirements of the letter is to have an Office of Special Investigation (OSI) report attached in order to confirm legitimacy of the incident. The January 28, 2007 letter, which addressed a November 9, 2007 incident, did not have as an attachment the OSI report concluding that the allegation of corporal punishment on November 9, 2007 was substantiated. Moreover, the OSI report for this incident was not signed and dated by the teacher. The second disciplinary letter, dated May 21, 2009, attached the OSI report, which concluded that the November 29, 2007 incident was substantiated. However, both letters were removed from petitioner's file by stipulation, and the OSI report for the first

incident, standing alone, was inadmissible. Thus, there remained no documentation in the record to support the unsatisfactory finding (*see Appeal of Dowrie,* 46 Ed Dept Rep 273 [Decision No. 15,506, Dec. 22, 2006] [in which the Commissioner of the New York State Department of Education upheld the petitioner's appeal from an unsatisfactory rating on the ground that respondents had failed to follow their own procedures and had considered material that had been removed from her file through the grievance process, i.e., "materials not properly placed in [the] teacher's personal (sic) file"]; *Matter of Mangone v Klein,* 2007 NY Slip Op 32475[U] [Sup Ct, NY County 2007] [relying on *Dowrie* and denying DOE's motion to dismiss petition to set aside unsatisfactory rating upon finding that the petitioner had nothing in his file other than a disciplinary letter that had been ordered to be removed following arbitration related to the allegations against him]). Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ.